NOT DESIGNATED FOR PUBLICATION

No. 119,850

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

MATTHEW CHRISTIAN SUNDGREN,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Pottawatomie District Court; JEFFREY R. ELDER, judge. Opinion filed December 13, 2019. Affirmed.

*Peter Maharry*, of Kansas Appellate Defender Office, for appellant.

*Rachel L. Pickering*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before HILL, P.J., MALONE and POWELL, JJ.

PER CURIAM: In 2015, Matthew Sundgren pled no contest to one count of manufacturing methamphetamine. For this crime he received an 87-month prison sentence. The parties agreed to a downward departure sentence. He filed a notice of appeal but later dismissed it. After that, he filed a motion to withdraw his plea but later dismissed it. Then, in 2018, he filed this K.S.A. 60-1507 motion seeking habeas corpus relief. Citing K.S.A. 60-1507(f), the district court dismissed the motion for being untimely because it was well past the one-year limit allowed in the statute.

1

To us, Sundgren argues that because he claimed in his motion that he was innocent, the district court should have held a hearing before acting on his motion. Sundgren argues that the court had suppressed some evidence that could impeach the State's confidential informant. He also claims there were exculpatory messages between himself and the State's confidential informant that the police had suppressed and these could be used to prove his actual innocence.

The law does permit a court to review motions filed over the one-year limit to prevent manifest injustice. Manifest injustice can be shown in cases where a prisoner makes a colorable claim of actual innocence. The statute, K.S.A. 2018 Supp. 60-1507(f)(2)(A), states the term "actual innocence" requires the prisoner to show it is more likely than not that no reasonable juror would have convicted the prisoner in light of new evidence.

If, upon its own inspection of the motions, files, and records of the case, a district court determines that the one-year time limitation has been exceeded and dismissal of the motion would not equate with manifest injustice, then it must dismiss the motion as untimely filed. K.S.A. 2018 Supp. 60-1507(f)(3).

It is undisputed that Sundgren's motion was filed more than a year after the termination of our jurisdiction over his direct appeal. Our task then is to decide if there is manifest injustice that would call for hearing of an out-of-time motion for relief.

Sundgren does not give us much to go on. He gives no excuse for filing his motion well outside the one-year limit. Instead, he focuses on his claim that because some evidence was improperly suppressed, he could not properly impeach the State's confidential informant.

He suggests that an "AT&T phone log" supports his claims but does not show us how. In other words, he has failed to show us that no reasonable juror would have convicted him in light of this evidence. Thus, he has not shown us his claim of innocence is colorable as the statute requires. Sundgren gives us some conclusions that the texts are exculpatory, but that is all.

It is true that during the trial there were many references to texts and phone calls between the informant and Sundgren. We fail to see how this log is exculpatory. We agree with the district court—there is no manifest injustice shown here. We affirm the dismissal of his untimely motion.

Affirmed.